IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG BORZELLECA, | : | |
|    Plaintiff, | : | |
| | : | |
| V. | : | CIVIL ACTION NO. 21-CV-3333 |
| | : | |
| THE GEO GROUP, | : | |
|    Defendant. | : | |

## MEMORANDUM

**SLOMSKY, J.**                                                                                              **AUGUST  2 , 2021**

Craig Borzelleca, who was held briefly as a pretrial detainee at the George W. Hill Correctional Facility ("GWH"), filed this *pro se* civil action using the Court's preprinted form for use by unrepresented litigants.  Named as the Defendant is The Geo Group, Inc. ("GEO"), the private corporation that operates GWH.[1]  Borzelleca also seeks to proceed *in forma pauperis*.[2] For the reason that follow, the application to proceed *in forma pauperis* will be granted, and the Complaint will be dismissed for lack of subject matter jurisdiction.

---

[1] In the caption of his Complaint, Borzelleca recorded the name of the Defendant as "The Geo Group, George W. Hill Correctional Facility."  However, he lists only a single Defendant in the portion of the complaint form that asked him to list all defendants, indicating that he intended "George W. Hill Correctional Facility" to be part of GEO's address, rather than an additional defendant.  Because it is clear that the Clerk of Court incorrectly added "George W. Hill Correctional Facility" as a defendant, the accompanying Order directs the Clerk to strike "George W. Hill Correctional Facility" as a defendant.

[2] Neither the form Complaint nor the application to proceed *in forma pauperis* contain a hand placed signature.  Rather, it appears that both contain an electronic signature.  Under the discretion afforded by *In re: Use of Electronic Signatures in Prisoner and Pro Se Cases Due to the Exigent Circumstances Create by COVID-19*, (E.D. Pa. May 13, 2020), the Court will accept the electronic signatures as compliant with Federal Rule of Civil Procedure 11.

1

I.  **FACTUAL ALLEGATIONS**

Borzelleca, who lists his address as a home in Pottstown, Pennsylvania, invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332.  (ECF No. 2 at 3.)³  He alleges that he was detained at GWH for three short periods in 2019 and 2020.  (*Id.* at 4.)  He asserts that during these periods, lasting two to three days each, he was held in dirty conditions in the GWH intake area.  Specifically, he was forced to eat his meals within ten feet of his toilet, inmates (presumably Borzelleca included) had to sleep and eat on the floor, he was held in a "small cell with no access to anything other than 3 meals," and there were "upwards of 15 people in this cell at one time for days."  (*Id.*)  He alleges he suffers from post-traumatic stress syndrome and hardship from these experiences and seeks $10,000 in money damages.  (*Id.* at 5.)  Other than seeking to invoke the Court's diversity jurisdiction, Borzelleca does not specify the nature of the claims he seeks to assert.

II. **STANDARD OF REVIEW**

The Court grants Borzelleca leave to proceed *in forma pauperis* since he appears unable to pay the filing fee for this case.  When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing

---

³ The Court adopts the pagination supplied by the CM/ECF docketing system.

federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). "[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Borzelleca is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

### III.  DISCUSSION

As noted above, Borzelleca seeks to invoke this Court's diversity jurisdiction. 28 U.S.C. § 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). As stated, the plaintiff has the burden of pleading the existence of the court's jurisdiction, *see* Fed. R. Civ. P. 8, and "'in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be

confirmed.'" *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n. 13 (3d Cir.1999)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). To determine the citizenship of a corporation for purposes of diversity under § 1332, courts use the test announced by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). Under *Hertz*, a corporation is a citizen of its state of incorporation and its principal place of business, i.e., its "nerve center." *Id.* at 80-81. A nerve center is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is typically "found at a corporation's headquarters." *Id.*

"As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted).

Borzelleca alleges that both he and GEO are citizens of Pennsylvania. (ECF No. 2 at 4.) Moreover, on the face of the Complaint, the amount in controversy in this case is asserted by Borzelleca to be $10,000. (*Id.* at 5.) Because there is no allegation that the parties are of diverse citizenship, and the amount in controversy does not exceed $75,000, Borzelleca has not sufficiently alleged facts to invoke this Court's diversity jurisdiction. Accordingly, the case must

be dismissed without prejudice for want of subject matter jurisdiction. Borzelleca may reassert any state law claim in an appropriate state court.[4]

---

[4] Even if Borzelleca had sought to invoke the Court's federal question jurisdiction to allege a constitutional claim over the conditions he experienced at GWH, his claim would not be plausible and would still be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). Housing multiple inmates in a cell does not alone establish a constitutional violation. *See Hubbard v. Taylor*, 538 F.3d 229, 236 & n.6 (3d Cir. 2008) (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."). Borzelleca cannot, accordingly, state a plausible constitutional violation because he has not alleged that the overcrowded conditions amounted to punishment, deprived him of a basic need, or otherwise caused him harm. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell v. Wolfish*, 441 U.S. 520, 542-43 (1979) (double-bunking did not violate constitutional rights of pretrial detainees when detainees had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment); *see also Walker v. George W. Hill Corr.*, Civ. A. No. 18-2724, 2018 WL 3430678, at *3 (E.D. Pa. July 13, 2018) (concluding that prisoner plaintiff's claims that "he was forced to share a cell with two other individuals and that he was forced to sleep on the floor inside what was described as a boat unit" and that "his sleeping area was a very unhealthy and unsanitary space two feet from the toilet bowl" failed to state a Fourteenth Amendment claim with respect to allegations of overcrowding).

Courts have also held that the practice of requiring inmates to eat in a cell containing a toilet does not violate the Constitution. *See Detainees of Brooklyn House of Det. for Men v. Malcolm*, 520 F.2d 392, 396 n.3 (2d Cir. 1975) ("The discomfort of eating in a cell is not, of itself, an unconstitutional hardship."); *Randall v. Cty. of Berks*, Civ. A. No. 14-5091, 2015 WL 5027542, at *15 (E.D. Pa. Aug. 24, 2015) ("[S]erving a pretrial detainee meals in a cell that can be eaten at his desk, even if the cell has a toilet, does not violate the Due Process Clause of the Fourteenth Amendment."); *Caldwell v. Cabarrus Cty. Jail*, Civ. A. No. 12-586, 2012 WL 2366451, at *2 (M.D.N.C. June 21, 2012) ("[H]aving to eat in a cell with an unflushed toilet" does not violate the Constitution), *report and recommendation adopted*, 2013 WL 1344452 (M.D.N.C. Apr. 2, 2013); *Mestre v. Wagner*, Civ. A. No. 11-2191, 2012 WL 299652, at *4 & *4 n.4 (E.D. Pa. Feb. 1, 2012) ("[A]s other courts have held, we conclude that serving a pretrial detainee meals in a cell that has a toilet does not violate the Due Process Clause of the Fourteenth Amendment."); *Kinser v. Cty. of San Bernardino*, Civ. A. No. 11-0718, 2011 WL 4801899, at *4 (C.D. Cal. Aug. 25, 2011), (plaintiff's allegation that "she has been confined to her cell more than 22 hours a day and that she has had to eat all her meals in her cell in close proximity to her toilet" did not state a Fourteenth Amendment claim), *report and*

An appropriate Order follows.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**

---

*recommendation adopted*, 2011 WL 4802850 (C.D. Cal. Oct. 11, 2011).  Accordingly, Borzelleca also cannot assert a plausible constitutional claim because he was required to eat in a cell with a toilet.